UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSEFA D.,[1]

    **Plaintiff,**

v.

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,**

    **Defendant.**

Case No. 2:20-cv-16822
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Josefa D. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying those applications.[2] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court affirms the Commissioner's decision.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

I.   PROCEDURAL HISTORY

On November 30, 2018, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging that she has been disabled since May 15, 2015. R. 70–71, 86–87, 216–30. The applications were denied initially and upon reconsideration. R. 88–93, 99–107. Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). R. 108–10. ALJ Dina Loewy held a hearing on November 26, 2019, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 32–57. In a decision dated January 29, 2020, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from May 15, 2015, Plaintiff's alleged disability onset date, through the date of that decision. R. 22–27. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on September 25, 2020. R. 2–9. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On July 26, 2022, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 12.[3] On August 8, 2022, the case was reassigned to the undersigned. ECF No. 14. The matter is ripe for disposition.

II.   LEGAL STANDARD

A.   Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d

---

[3]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of

3

social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a

comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, a court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016).

**B.     Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc.*

*Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the

plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.   ALJ DECISION AND APPELLATE ISSUES

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between May 15, 2015, her alleged disability onset date, and the date of the decision. R. 24.

At step two, the ALJ found that the record documented the following medically determinable impairments: rheumatoid arthritis, diabetes mellitus, and hypertension. R. 25. However, the ALJ went on to find Plaintiff did not suffer a severe impairment or combination of impairments. R. 25–27.

In the alternative, the ALJ found in a footnote that, even assuming that Plaintiff's rheumatoid arthritis was severe, Plaintiff's RFC for a limited range of medium work permitted the performance of her past relevant work as a conveyor monitor and window assembler. R. 25 n.1.

The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from May 15, 2015, her alleged disability onset date, through the date of the decision. R. 27.

Plaintiff disagrees with the ALJ's findings at step two and asks that the decision be reversed and remanded for further proceedings. *Plaintiff's Moving Brief,* ECF No. 11. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 15.

### IV.     DISCUSSION

Plaintiff contends that the ALJ erred when she denied Plaintiff's claim at step two of the sequential evaluation by finding that Plaintiff's impairments are not severe. *Plaintiff's Moving Brief*, ECF No. 11. Plaintiff further argues that the ALJ also erred when she found, in the alternative, that Plaintiff had an RFC to perform a limited range of medium work, which would not preclude her performance of past relevant jobs. *Id*. The Acting Commissioner disagrees, arguing that substantial evidence supports the ALJ's denial of benefits at step two of the sequential evaluation process. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 22.

"The step-two inquiry is a *de minimis* screening device to dispose of groundless claims." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003). Therefore, "[t]he burden placed on an applicant at step two is not an exacting one." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). "Although the regulatory language speaks in terms of 'severity,' the Commissioner has clarified that an applicant need only demonstrate something beyond 'a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.'" *Id*. (quoting SSR 85-28, 1985 WL 56856, at *3; citing *Newell*, 347 F.3d at 546). Courts must resolve any doubt as to whether this showing has been made in favor of the claimant. *Id*.; *see also Newell*, 347 F.3d at 547. Although denying benefits at step two of the sequential evaluation "is certain to raise a judicial eyebrow" because "step two is to be rarely utilized as a basis for the denial of benefits[,]" a reviewing court should not apply a more stringent standard of review; a "denial at step two, like one made at any other step in the sequential analysis, is to be upheld if supported by substantial evidence on the record as a whole." *McCrea*, 370 F.3d at 361.

8

In the present case, the ALJ denied Plaintiff's claim at step two, finding that none of Plaintiff's medically determinable impairments of rheumatoid arthritis, diabetes mellitus, and hypertension, nor the combination of her impairments, was severe. R. 25–27. In making this finding, the ALJ considered Plaintiff's hearing testimony as well as years of medical evidence, which revealed, *inter alia*, that her hypertension and diabetes mellitus were well-controlled; that despite mildly abnormal glucose and HgA1c levels, Plaintiff's records from March 2016 through October 2019 reflected no diabetes-related endocrine abnormalities, no diabetic neuropathy, no diabetic retinopathy, no diabetes-related hospitalizations, and fairly normal blood pressure ranges and consistently normal cardiac examinations; that a March 2017 chest CT scan showed a normal heart and Plaintiff experienced no joint pain or swelling and had full range of motion in her extremities and joints; that an April 2018 letter indicated Plaintiff had seropositive rheumatoid arthritis, but had been doing very well on 20 mg of Methotrexate and Had no tender or swollen joints, no morning stiffness, and no medication-related side effects; that a June 2019 letter stated that, although Plaintiff had minor morning stiffness and complained of fatigue, she denied joint pain or swelling, and a physical examination revealed no evidence of active synovitis and she otherwise had no cardiovascular, joint, musculoskeletal, or endocrine-related complaints. R. 26.

The ALJ also considered Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms, but found that her subjective statements were not entirely consistent with the evidence:

> The claimant's allegations of disability are not supported by a record showing that her hypertension, diabetes and rheumatoid arthritis are all as controlled or stable with treatment and medication. She has not developed any related heart disease or endocrine complications from her hypertension and diabetes mellitus. Her joint and musculoskeletal examinations have been primarily benign, even if she reported experiencing some joint pain. She noted in her December 18, 2018 Adult Function

9

> Report that she cared for her personal hygiene; cooked; swept; washed dishes; used public transportation; and went out a few times a week (Exhibit 3E). She also said that she regularly went to church and her mother-in-law's house (Exhibit 3E). Considering her mobility and ability to perform so many household chores, she is far more physically capable than her testimony indicates. The evidence fails to establish that the claimant's physical conditions have had greater than a slight or minimal effect on her ability to perform basic work activities. Thus, these are non-severe impairments and she is not disabled as alleged.

R. 27. The ALJ also explained that she found persuasive the opinions of the state agency reviewing consultants that Plaintiff did not suffer a severe impairment in light of her benign cardiovascular, endocrine, and joint examinations and evidence that "her rheumatoid arthritis is controlled with medication, her hypertension has remained in the stable range and her diabetes has been managed. Again, these conditions have not caused her any physical functional limitations." *Id*. The Court finds no error with the ALJ's consideration of Plaintiff's medically determinable impairments in this regard. *See Carter v. Comm'r Soc. Sec.*, 805 F. App'x 140, 142–43 (3d Cir. 2020) (finding that substantial evidence supported the ALJ's denial at step two where the claimant's medical conditions did not significantly limit the claimant's work-related activities where, "[m]ost importantly, the ALJ noted that [the claimant's] determinable impairments, and in particular her diabetes and respiratory ailments, either regularly tested as normal or readily responded to treatment across her medical history"); *Glass v. Comm'r of Soc. Sec.*, No. CV 18-15279, 2019 WL 5617508, at *7 (D.N.J. Oct. 31, 2019) ("[A]n impairment may be deemed non-severe where its effects can be effectively controlled through treatment or medication.") (citations omitted); *Afanador v. Comm'r of Soc. Sec.*, No. CV 15-2056, 2016 WL 3046263, at *4 (D.N.J. May 27, 2016) (finding that the ALJ properly concluded that the claimant's impairments were not severe where, *inter alia*, the claimant's polyarthralgia was "stable" and his Lyme disease and hypertension were "well-controlled" and where, *inter alia*, "no evidence in the record that since alleged onset of disability Plaintiff suffered from any

10

manifestation of high blood pressure, including no cardiovascular disease, stroke, or renal failure" and where the claimant "performed a normal range of functional abilities, such as using a public bus, spending his day at the library, using the computer, and performing research").

Plaintiff challenges the ALJ's reasoning in this regard, contending that she in fact suffers a severe impairment or combination of impairments because she "has rheumatoid arthritis and is medicated weekly Methotrexate administered by a rheumatologist"; she "is a diabetic with abnormal glucose readings affecting her kidney function . . . with elevated hemoglobin A1C . . . low bone mass diagnosed on Dexa Densitometric screening"; "anemia for which she takes Folic Acid"; "and hypertension for which she is medicated and resulting fatigue from any or all of these medically determinable impairments[.]" *Plaintiff's Moving Brief*, ECF No. 11, p. 17 (citations omitted). Plaintiff's argument is not well taken. Plaintiff simply points to this evidence regarding her impairments without explaining how such evidence supports her claim that her impairments were severe. *Id.*; *see also Padgett v. Comm'r of Soc. Sec.*, No. CV 16-9441, 2018 WL 1399307, at *2 (D.N.J. Mar. 20, 2018) ("[B]ecause Plaintiff has articulated no analysis of the evidence, the Court does not understand what argument Plaintiff has made here. Plaintiff has done no more than throw down a few pieces of an unknown jigsaw puzzle and left it to the Court to put them together. The Court does not assemble arguments for a party from fragments."). A diagnosis, without more, does not establish that Plaintiff's impairments were severe: Plaintiff "was required to present evidence that these limitations significantly limited her ability to do basic work activities or impaired her capacity to cope with the mental demands of working." *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 (3d Cir. 2007) (citations omitted). Moreover, the ALJ expressly acknowledged that Plaintiff took Methotrexate, had "glucose and HgA1c levels in the mildly abnormal ranges", had hypertension, and had complained of fatigue,

11

but nevertheless concluded that Plaintiff's rheumatoid arthritis, diabetes mellitus, and hypertension were not severe because those impairments were stable, controlled, and/or managed with medication, because she had no medication side effects, because she had generally normal blood pressure readings, cardiac examinations, and physical examinations, and because she engaged in a variety of daily activities. R. 26–27. As previously explained, substantial evidence supports the ALJ's finding that these impairments—which had no or, at most, only a minimal, effect on her ability to perform basic work-related activities—were not severe. *See Carter*, 805 F. App'x at 142–43; *Glass*, 2019 WL 5617508, at *7; *Afanador*, 2016 WL 3046263, at *4.

Plaintiff also complains that the ALJ failed to consider the combination of Plaintiff's medically determinable impairments when denying her claim at step two. *Plaintiff's Moving Brief*, ECF No. 11, pp. 20–21. This Court disagrees. The ALJ expressly stated that she had considered Plaintiff's impairments in combination but nevertheless concluded that Plaintiff did not suffer a severe impairment or combination of impairments. R. 25–27. This Court has no reason to doubt that the ALJ considered the combination of Plaintiff's impairments. *Cf. Morrison ex rel. Morrison v. Comm'r of Soc. Sec.*, 268 F. App'x 186, 189 (3d Cir. 2008) ("The ALJ, however, explicitly indicated a number of times that he was considering the impairments in combination. . . . We see no reason not to believe him."). This record therefore does not establish that remand is required on this basis.

Finally, Plaintiff challenges the ALJ's "alternative decision" at step two, contained in a footnote, that Plaintiff had the RFC to perform her past relevant work. *Plaintiff's Moving Brief*, ECF No. 11, pp. 18–19, 22–31. By way of background, when identifying Plaintiff's medically determinable impairments, the ALJ stated the following in a footnote:

> In the alternative even if the claimant's rheumatoid arthritis was found to be severe and the claimant was limited to the following residual functional capacity: medium

> exertion with occasional climbing of ramps and stairs; never climbing ladders ropes or scaffolds; occasionally balancing or kneeling frequently stooping or crouching; never crawl; no foot control operation; and frequent reaching handling or fingering, the vocational expert testified that the claimant would be able to perform both of her past relevant jobs as actually and generally performed: (1) Conveyor Monitor, DOT Code 921.685-026, medium, performed at light, SVP of 2; and (2) Window Assembler, DOT Code 865.684-014, medium, performed at light, SVP of 3. Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.

R. 25 n.1. Plaintiff contends that this "alternative decision" "directly contradicts the initial not severe conclusion": "If any of these limitations exist, plaintiff suffers a severe impairment with regard to rheumatoid arthritis alone[.]" *Plaintiff's Moving Brief*, ECF No. 11, pp. 18–19. Plaintiff further argues that the "alternative decision" skips step three of the sequential evaluation process and simply announces the RFC with no explanation, precluding judicial review and requiring remand. *Id.* at 29–31. For her part, the Acting Commissioner agrees that the ALJ's alternative step four finding was not adequately explained but argues that the error was harmless because substantial evidence supports the ALJ's decision at step two. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 15, pp. 10–11.

The Acting Commissioner's argument is well taken. As previously explained, substantial evidence supports the ALJ's finding at step two that none of Plaintiff's medically determinable impairments (or combination of impairments) were severe. Even assuming, without deciding, that the ALJ erred in conflating the step two analysis and a conclusory RFC analysis, even Plaintiff concedes that this was an alternative finding. Although Plaintiff contends that this "alternative decision" undermines the ALJ's other finding at step two, this Court disagrees. The two alternative findings—(1) that Plaintiff did not suffer a severe impairment or combination of impairments, and (2) that Plaintiff had the RFC to perform her past relevant work—were just that: alternative, separate and independent. Because substantial evidence supports the ALJ's

13

finding of no severe impairment at step two, any error in her alternative finding was, at most, harmless and will not serve to require remand. *Cf. Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination. . . . [T]he party seeking reversal normally must explain why the erroneous ruling caused harm."); *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) (finding that "a remand is not required here because it would not affect the outcome of the case").

**V.     CONCLUSION**

For these reasons, the Court **AFFIRMS** the Commissioner's decision.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  August 1, 2023                             *s/Norah McCann King*
                                                  NORAH McCANN KING
                                                  UNITED STATES MAGISTRATE JUDGE